## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

## NOT FOR PUBLICATION

December 11, 2018

## LETTER OPINION & ORDER

**VIA CM/ECF**
All counsel of record

Re:     *Estate of Tamara Wilson-Seidle, by and through Kirsten Seidle, as Administratrix of the
Estate, et al. v. Neptune Township, et al.*
Civil Action No. 17-4428 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants Neptune Township, Neptune Township Police Department, James M. Hunt, Jr., Michael Bascom, Robert Adams, and Howard O'Neil's (collectively, the "Neptune Defendants") Motion to Dismiss the Second Amended Complaint (ECF No. 87); Defendant Marshawn Love's ("Love") Motion to Dismiss the Second Amended Complaint (ECF No. 89); Defendants Monmouth County, Gregory J. Schweers, Jacquelyn F. Seely, Richard E. Incremona, Karen Clayton, Kristin Aras, Stephanie Migliaccio, Kurt Gibson, the Monmouth County Prosecutor's Office, and Prosecutor Christopher Gramiccioni's (collectively, the "Monmouth County Defendants") Motion to Dismiss the Second Amended Complaint (ECF No. 90); and the City of Asbury Park, Deputy Chief David Kelso, Former Police Chief Anthony Salerno, and Police Officers Ahmed Lawson, Carl Christie, James Crawford, and Timothy Griswold's (collectively, the "Asbury Park Defendants") Motion to Dismiss the Second Amended Complaint (ECF Nos. 91, 92). Plaintiffs Kirsten Seidle, as administratrix of the estate of Tamara Wilson-Seidle, Kirsten Seidle, individually, T.S., Philip Seidle, Jr., John Seidle, Christopher Seidle, Monica Seidle, Dorothy Seidle, M.S., Philip Seidle, S.S., and Estate of Tamara Wilson-Seidle (collectively, "Plaintiffs") opposed the Neptune Defendants, the Monmouth County Defendants, the Asbury Park Defendants, and Love's[1] (collectively, "Defendants") Motions to Dismiss. (ECF Nos. 98, 99, 100.) Defendants replied. (ECF Nos. 103, 104, 105, 106.) The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are granted.

---

[1] Plaintiffs' arguments opposing Love's Motion to Dismiss are included in their Opposition to the Asbury Park Defendant's Motion to Dismiss. (*See* Pls.' Opp'n to Asbury Park Defs.' Mot. to Dismiss the Second Am. Compl. ("SAC") 1, ECF No. 99.)

## I.    Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must review "the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## II.    Discussion

The facts of this case are known to the parties and will not be repeated here. On April 19, 2018, this Court dismissed Plaintiffs' First Amended Complaint, finding that Plaintiffs failed to meet the requirements of Federal Rule of Civil Procedure 8(a). (*See* Apr. 19, 2018 Op. 4-5, ECF No 76.) The Court found that "[r]ather than setting forth the allegations in a systematic and appropriate way, Plaintiffs have elected to group plead the various Defendants in this case." (*Id.* at 5 (internal quotations and citation omitted).) Thus, because the Court "had difficulty discerning which claims were brought against which entities or individuals and the factual basis for each claim," the Court granted Defendants' Motions to Dismiss. (*Id.* at 4.)

The Court finds Plaintiffs' Second Amended Complaint suffers from the same flaws as the Amended Complaint. Plaintiffs' Second Amended Complaint again, mainly group pleads Defendants without applying specific facts to specific actors.    Although Plaintiffs' Second Amended Complaint now includes additional counts and subheadings, Plaintiffs continue to consolidate their claims against Defendants, which not only creates confusion, but eliminates Plaintiffs' ability to allege sufficiently specific facts to demonstrate personal involvement—a hallmark requirement for section 1983 claims. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

2

Constitution."); *see also Grande v. Keansburg Borough*, No. 12-1968, 2013 WL 2933794, at *8 (D.N.J. June 13, 2013) (quoting *Walsifer v. Borough of Belmar*, 262 F. App'x 421, 425 (3d Cir. 2008); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("An individual defendant 'must have had personal involvement in the alleged wrongdoing in order to be liable under [section] 1983 because individual liability cannot be predicated solely on the operation of respondeat superior' .... Allegations against supervisory defendants, however, must be made with 'appropriate particularity.'")).

Moreover, Plaintiffs appear to conflate their individual liability claims and *Monell*[2] claims, and fail to allege with sufficient particularity the conduct of each Defendant associated with those claims. Thus, the Court again has difficulty discerning precisely which legal theories Plaintiffs are alleging, against which Defendants, and the facts attendant to those claims. If Plaintiffs wish to raise failure to train, failure to supervise, failure to intervene, or failure to protect claims (or any claim or combination thereof), Plaintiffs must clearly articulate those claims and plead sufficient facts to put Defendants on notice of the claims against them. *See Twombly*, 550 U.S. at 555. In so doing, Plaintiffs may not rely solely on conclusory allegations, and the Court reminds Plaintiffs that although it is required to "accept as true all of the allegations contained in [their] complaint," it is not required to accept "[t]hreadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 678.

The Court, therefore, remains unable to discern Plaintiffs' claims, and Plaintiffs' insertion of subheadings and additional counts fails to cure the deficiencies in their pleadings. The Court reiterates its prior instruction that Plaintiffs must "clearly explain the 'who, what, when, and where[],'" attendant to their legal theories, and emphasizes Plaintiffs must apply those facts *to each Defendant*. (Apr. 19, 2018 Op. 8.) Plaintiffs should also be cognizant that the Court may consider any documents Plaintiffs explicitly rely upon in their Complaint. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding a district court may consider any "document integral to *or explicitly relied upon* in the complaint . . . without converting the motion to dismiss into one for summary judgment."). Finally, Plaintiffs should also be mindful of the fact that the Court previously dismissed *with prejudice* Plaintiffs' claims against the Monmouth County Prosecutor's Office and Prosecutor Gramiccioni in their official capacities and in connection with their law enforcement investigatory functions.

The Court, accordingly, dismisses without prejudice Plaintiffs' Second Amended Complaint. The Court grants Plaintiffs one final opportunity to cure the deficiencies in their federal claims.

Based on the foregoing, and for other good cause shown,

**IT IS** on this $\underline{11}$ day of December 2018 **ORDERED** that:

1.      Defendants' Motions to Dismiss (ECF Nos. 87, 89, 90, 92, 91) are **GRANTED**.

---

[2] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2.    Plaintiffs' Second Amended Complaint is dismissed without prejudice. Plaintiffs may file a Third Amended Complaint within **thirty days** of this order. If Plaintiffs fail to timely file a Third Amended Complaint, this matter will be dismissed with prejudice.

 

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4