**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIRSTEN SEIDLE, *as Administratrix of the Estate of Tamara Wilson-Seidle, et al.*,

        Plaintiffs,

v.

NEPTUNE TOWNSHIP, et al.,

        Defendants.

Civil Action No. 17-4428 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs' Motion for Reconsideration of the Court's October 31, 2019 Opinion and Order ("Prior Opinion," ECF Nos. 152). (ECF No. 157.) Defendants the City of Asbury Park, David Kelso, and Anthony Salerno (collectively, "Asbury Defendants") opposed the Motion and cross-moved for reconsideration of the Prior Opinion. (ECF No. 171.) Plaintiffs opposed Asbury Park Defendants' Cross-Motion.[1] (ECF No. 173.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants in part and

---

[1] Plaintiffs style their opposition brief as a reply, and also submit arguments in reply to their Motion for Reconsideration. (*See* Pls.' Opp'n Br. 1, ECF No. 173.) A party may not file a reply brief on a motion for reconsideration unless permitted by the Court. L. Civ. R. 7.1(d)(3). Plaintiffs did not seek, and have not received, leave to file a reply brief. Accordingly, the Court only considers arguments Plaintiffs raise in opposition to Asbury Defendants' Cross-Motion.

1

denies in part Plaintiffs' Motion for Reconsideration and denies Asbury Park Defendants' Cross-Motion.

## I. LEGAL STANDARD

"In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.*

"A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (internal quotation marks omitted). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling . . . ." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. 2010). A moving party's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *Id.* (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 613. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly mentioned

by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3.

## II.   DISCUSSION

### A.   Plaintiffs' Motion for Reconsideration

Plaintiffs assert "that the Court erred by dismissing the Wrongful Death cause of action and the negligence claims against Asbury Park[, Salerno, and Kelso]." (Pl.'s Moving Br. 1, ECF No. 157-2.) Plaintiffs' Third Amended Complaint ("TAC") asserted a § 1983 claim against Asbury Park, (TAC ¶¶ 358–379), a § 1983 claim against Salerno and Kelso, (*id.* ¶¶ 380–414, 451–460), a claim under the New Jersey Civil Rights Act ("NJCRA") for violations of New Jersey's constitution that is coextensive with Plaintiffs' § 1983 claims, (*id.* ¶¶ 667–679), a negligence-based claim against all defendants, (*id.* ¶¶ 680–697), and a wrongful death claim against all defendants, (*id.* ¶¶ 698–708).

The Court permitted Plaintiffs' § 1983 claim against Asbury Park to proceed to discovery. (Prior Opinion 10–14.) The Court dismissed Plaintiffs' Fourth Amendment claims under § 1983 against Kelso and Salerno, finding Salerno and Kelso are entitled to qualified immunity. (*Id.* at 21–23.) The Court also dismissed Plaintiffs' coextensive claims under the NJCRA for the same reasoning. (*Id.* at 30–31.) The Court dismissed Plaintiffs' negligence-based claims against Kelso and Salerno because Plaintiffs failed to plead Salerno and Kelso had any duty of care. (*Id.* at 32 n.14.) The Court also dismissed Plaintiffs' negligence-based claims against Asbury Park based on immunity for public entities for discretionary acts under the New Jersey Tort Claims Act. (*Id.* at 31–33.) Finally, the Court dismissed Plaintiffs' wrongful death claims that were derivative of Plaintiffs' dismissed negligence-based claims. (*Id.* at 35.)

3

### 1. Plaintiffs' Negligence-Based Claims

Plaintiffs argue that the Court erred in dismissing the negligence claims against Salerno and Kelso because Plaintiffs adequately pleaded a duty of care for those defendants. Plaintiffs argue that—although they did not specifically plead any duty for Salerno and Kelso, unlike their pleadings as to Neptune officials—they sufficiently pleaded a duty of care for Salerno and Kelso by pleading that "Asbury Park through [its] officials had a duty to see to it that [its] training protocol was within the standard of reasonable care and that [its] supervision and hiring were adequate and reasonable." (TAC ¶ 683; see Pl.'s Moving Br. 13.) Plaintiffs also note that, within their negligence count, they pleaded that "[all] defendants were under a duty to act reasonably . . . in the handling of . . . the subject active shooting event." (TAC ¶ 681; see Pl.'s Moving Br. 13.) Plaintiffs assert "the Court took too restrictive a view of this pleading." (Pl.'s Moving Br. 13.)

The Court declines to reconsider its decision regarding dismissal of the negligence claims because Plaintiffs' argument here amounts to no more than disagreement with the Court's previous decision. The Court takes this opportunity to note, however, that it repeatedly emphasized before Plaintiffs filed their Third Amended Complaint that claims would be dismissed where they fail to state specific allegations attributable to specific defendants. (See Dec. 11, 2018 Letter Op. & Order 2–3 (dismissing Plaintiffs' Second Amended Complaint because it "mainly group pleads Defendants without applying specific facts to specific actors"), ECF No. 107; Apr. 19, 2018 Op. 4–5 (dismissing Plaintiffs' First Amended Complaint because the "Court had difficulty discerning which claims were brought against which entities or individuals and the factual basis for each claim"), ECF No. 76.) On their Third Amended Complaint, it is not enough for Plaintiffs to omit specific allegations against Salerno and Kelso on the chance that the Court may find sufficient factual allegations within the previous 682 paragraphs. (See Prior Opinion 32.) Accordingly, the Court denies Plaintiffs' Motion as to the dismissed negligence claims.

### 2. Plaintiffs' Wrongful Death Claims

Plaintiffs also argue that the Court should reconsider its decision to dismiss Plaintiffs' wrongful death claims because those claims derive not only from their negligence-based claims, but also from their claims of constitutional violations under § 1983 or the NJCRA.

The Court dismissed Plaintiffs' § 1983 claims and NJCRA claims against the Individual Asbury Park Defendants. (Prior Opinion 21–23, 30–31.) The Court also dismissed Plaintiffs' § 1983 state-created danger claims and negligence claims against all defendants. (*Id.* at 23–29, 31–35.) The Court, however, permitted Plaintiffs' § 1983 claims and NJCRA claims against Neptune Township and Asbury Park, (*id.* at 10–17, 30–31), and against the Individual Neptune Defendants, (*id.* at 17–20, 30–31), to proceed to discovery.

After dismissing Plaintiffs' negligence claims against all defendants, the Court dismissed Plaintiffs' wrongful death claims that were derivative of Plaintiffs' negligence claims. (*Id.* at 35.) In its Prior Opinion, the Court did not explicitly address the disposition of the wrongful death claims that were derivative of Plaintiffs' § 1983 and NJCRA claims. In the Order accompanying the Prior Opinion, however, the Court dismissed Count Eleven—Plaintiffs' count asserting claims for wrongful death—in its entirety. (Order ¶ 3, ECF No. 153.) The Court finds good cause to reconsider the Prior Opinion and Order to clarify the dismissal of Plaintiffs' wrongful death claims.

"Plaintiffs generally may not vindicate the rights of others" *Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014). "Under New Jersey law, an executor or administrator may pursue an action based on 'the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he lived.'" *Id.* (quoting N.J. Stat. Ann. § 2A:15-3). "Claims of . . . wrongful death are derivative and therefore must be dismissed when the underlying claims have been dismissed." *White v. City of Vineland*, No. 16-8308, 2018 WL 4583509, at *8 (D.N.J. Sept. 24, 2018) (internal quotation marks omitted)

(quoting *Abramson v. Ritz-Carlton Hotel Co. & Spa Resort*, No. 09-3264, 2011 WL 2149454, at *5 (D.N.J. May 31, 2011), *aff'd* 480 F. App'x 158 (3d Cir. 2012)). Wrongful death claims may be derivative of claims under § 1983 or the NJCRA. *See Estate of Rosario v. Paterson Police Dep't*, No.14-5167, 2016 WL 6540447, at *3 (D.N.J. Nov. 3, 2016) (permitting derivative wrongful death claims where § 1983 claims were not dismissed); *Hottenstein v. City of Sea Isle City*, No. 11-740, 2011 WL 2559523, at *5 n.5 (D.N.J. June 27, 2011) (dismissing wrongful death claims where NJCRA claims were dismissed). Accordingly, wrongful death claims shall be dismissed where the underlying claims are dismissed, but may survive where the underlying claims survive.

The Court clarifies that Plaintiffs' wrongful death claims are dismissed only insofar as they derive from claims the Court has already dismissed, such as: (1) Plaintiffs' § 1983 and NJCRA claims against the Individual Asbury Park Defendants; (2) Plaintiffs' § 1983 state-created danger claims against all defendants; and (3) Plaintiffs' negligence-based claims against all defendants. The Court, accordingly, grants Plaintiffs' Motion on this issue and vacates and amends its October 31, 2019 Order.

**B.  Asbury Defendants' Cross-Motion for Reconsideration**

Asbury Park Defendants argue the Court erred by not dismissing Plaintiffs' § 1983 *Monell* claim against Asbury Park where it dismissed Plaintiffs' § 1983 claims against the Individual Asbury Park Defendants. (Asbury Park Defs.' Opp'n Br. 9–11, ECF No. 171-1.) Asbury Park Defendants argue the Court correctly dismissed Plaintiffs' § 1983 claims against the Individual Asbury Park Defendants[2] because it "found no constitutional violation on behalf of the [Individual Asbury Park Defendants]." (*Id.* at 9.) But they contend the Court erred by not also dismissing

---

[2] As in the Court's Prior Opinion, the Individual Asbury Park Defendants are Kelso, Salerno, Marshawn Love, Ahmed Lawson, Carl Christie, James Crawford, and Timothy Griswold. (Prior Opinion 6.)

Plaintiffs' *Monell* claim against Asbury Park. (*Id.* at 9–11.) According to Asbury Park Defendants, because the Court found that the Individual Asbury Park Defendants did not violate the Constitution by failing to use deadly force against Phillip Seidle, the Court should have also held that Plaintiffs could not state a *Monell* claim against Asbury Park. (*Id.*)

The Court finds that Asbury Park Defendants' argument for reconsideration amounts to "[m]ere disagreement with the Court's decision," *ABS Brokerage Servs.*, 2010 WL 3257992, at *6, and "simply asks the Court to rethink what it has already thought through," *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Asbury Park Defendants fail to demonstrate a change in controlling law, new evidence that was previously unavailable, or clear error of law. In its Prior Opinion, the Court discussed the basis on which a municipality may be held liable for constitutional violations even where none of its employees are liable. (Prior Opinion 11–13 (citing *Fagan v. City of Vineland (Fagan I)*, 22 F.3d 1283, 1288–89 (3d Cir. 1994)).) Asbury Park Defendants present no credible argument against the Court's reliance on *Fagan I* and subsequent cases, nor do they identify any authority the Court overlooked. Accordingly, the Court denies Asbury Park Defendants' Cross-Motion.

### III. CONCLUSION

The Court declines to reconsider the dismissal of Plaintiffs' negligence-based claims against Salerno and Kelso. The Court vacates its October 31, 2019 Order to the extent it dismisses all wrongful death claims and clarifies that Plaintiffs' wrongful death claims are only dismissed where the derivative claims have been dismissed. Finally, the Court denies Asbury Park Defendants' Cross-Motion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE