**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIRSTEN SEIDLE, *as Administratrix of the Estate of TAMARA WILSON-SEIDLE*, TERESA SEIDLE, *minor by her guardian KIRSTEN SEIDLE, et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> NEPTUNE TOWNSHIP, NEPTUNE TOWNSHIP POLICE DEPARTMENT, POLICE CHIEF JAMES M. HUNT, JR., *in his official and individual capacities*, POLICE DIRECTOR MICHAEL BASCOM, *in his official and individual capacities*, former POLICE CHIEF ROBERT ADAMS, *in his official and individual capacities*, former POLICE CHIEF HOWARD O'NEIL, *in his official and individual capacities*, CITY OF ASBURY PARK, *et al.*, <br><br> Defendants. | Civ. No. 3:17-cv-04428-RK-JBD <br><br> AMENDED ORDER |

**THIS MATTER** having come before the Court in accordance with

N.J.S.A. 2A:31-4 (wrongful death apportionment of proceeds) and in

accordance with Rule 4:44-3 (governing review of settlement for a minor); and

the attorney for plaintiffs Kirsten Seidle, as Administratrix of the Estate of

Tamara Seidle, her mother, deceased, and Kirsten Seidle and her siblings

and beneficiaries as set forth in this Order individually, including the minor

Teresa Seidle, with a date of birth of January 22, 2008, presently being

17 years of age, having reported to the Court that a settlement of the infant

plaintiff's claim and the claims of the Estate and the other individually

named plaintiffs in their individual capacities with respect to defendant

Neptune Township, the Neptune Township Police Department, Police Chief

1

James M. Hunt, Jr., in his official and individual capacities, Police Director Michael Bascom, in his official and individual capacities, former Police Chief Robert Adams, in his official and individual capacities and former Police Chief Howard O'Neil, in his official and individual capacities (collectively referred to as the "Neptune Defendants" or "Neptune Township") and the Monmouth County Prosecutor's Office *only,* was arrived at between the plaintiffs and those defendants; and decedent having died without a will leaving nine (9) children, all interested parties, heirs and, with the exception of Teresa Seidle, being adults and consenting to the settlement and the following distribution of the settlement proceeds; and the Court having held a Friendly Hearing on November 25, 2025 and taken proofs on the record; and the Court having been satisfied that the settlement is being allocated in accordance with the desires of the family and is fair and reasonable, and that the settlement on behalf of the minor is fair and reasonable and in her best interest, and good cause appearing,

**IT IS** on this 4th day of December, 2025**,**

**ORDERED** that the Settlement entered into between the Estate of Tamara Seidle and the named plaintiffs, including Teresa Seidle, a minor, and the Neptune Defendants and the Monmouth County Prosecutor's Office is fair and reasonable and in the minor plaintiff's best interest and, accordingly, is APPROVED; and it is further

**ORDERED** that the Settlement entered into and on behalf of the Estate of Tamara Seidle and the named plaintiffs in the gross amount of

$4,000,000.00 (four million dollars), of which $250,000.00 (two hundred and fifty thousand dollars) is to be paid on behalf of the Defendant Monmouth County Prosecutor and $3,750,000.00 (three million seven hundred fifty thousand dollars) is to be paid by the Insurer Nationwide Mutual Insurance Company on behalf of the Neptune Defendants), which settlement is accepted by the Administratrix Kirsten Seidle, shall be allocated in equal shares to each beneficiary and child of Tamara Seidle as agreed upon and consented to by all adult children and by Kirsten Seidle on Teresa Seidle's behalf, net after the following deductions:

A. $1,119,188.80 (one million one hundred nineteen one hundred eighty-eight dollars and eighty cents) to be paid to plaintiff's attorney Shelley L. Stangler, P.C., consisting of $133,360.00 (one hundred thirty-three thousand three hundred sixty dollars) in costs and $985,828.80 (nine hundred eighty-five thousand eight hundred twenty-eight dollars and eighty cents) in legal fees.

B. $30,000 (thirty thousand dollars) of the settlement shall be deposited into the Shelley L. Stangler, P.C. trust account and used solely for costs in the continued action against the non-settling defendant Asbury Park.

**IT IS FURTHER ORDERED** that the remaining $2,850,811.20 (two million eight hundred fifty thousand eight hundred eleven dollars and twenty cents) be identified and allocated as wrongful death damages under the Wrongful Death statutes N.J.S.A. 2A:31-1, 2A:31-4 payable in equal shares of

3

$316,756.80 (three hundred sixteen thousand seven hundred fifty six dollars and eighty cents) for each of the eight children and the ninth child, Teresa Seidle, a minor, who will receive cash and future periodic payments at a cost of $316,756.80 as detailed below.  This allocation under the wrongful death statutes does not constitute a waiver of claims to be continued against the remaining, non-settling defendant Asbury Park.  The children, heirs and beneficiaries are:

> Kirsten Seidle
> Philip Seidle Jr.
> John Seidle
> Christopher Seidle
> Monica Seidle
> Dorothy Seidle
> Maria Seidle
> Stephen Seidle
> Teresa Seidle, a minor.

**IT IS FURTHER ORDERED** that the Administratrix Kirsten Seidle shall execute a General Release entitled Settlement Agreement, Release and Waiver of Claims, on terms agreed to between the parties on the settlement involving defendant Neptune Township and a general Release on terms agreed to between the parties on the settlement involving the Monmouth County Prosecutors Office; and it is further

**ORDERED** that the settlement checks totaling $4,000,000 for the 8 children, less $316,756.80 for Teresa Seidle, a minor, as detailed below, are to be made payable to Shelley L. Stangler, P.C., as attorney, and Kirsten Seidle, as Administratrix, and are to be deposited in the Trust Account of Shelley L. Stangler, P.C., after which counsel is directed to make the

4

appropriate disbursements in accordance with this Order. These disbursements include payment of $316,756.80 to each child with the exception of Teresa Seidle, a minor; a $100.00 (one hundred dollars) lien due to the state for Christopher Seidle, which shall be taken out of his share of the settlement; to Shelley L. Stangler P.C. for costs of $26,643.65 (twenty six thousand six hundred forty three dollars and sixty five cents) and to the firm of Starr Gern Davison & Rubin for costs of $106,716.36 (one hundred six thousand seven hundred sixteen dollars and thirty six cents); legal fees to the firm of Starr Gern Davison & Rubin for $31,023.00 (thirty one thousand twenty three dollars); and to Shelley L. Stangler, P.C. for legal fees in the amount of 954,805.80 (nine hundred fifty four thousand eight hundred five dollars and eighty cents); and it is further

**ORDERED** that, with respect to the minor Teresa Seidle, pursuant to New Jersey Rule 4:48A, cash and future periodic payments at a current cost of $316,756.80 shall be paid as follows: $50,000.00 (fifty thousand dollars) shall be paid by the Insurer Nationwide Mutual Insurance Company on behalf of the Neptune Defendants to Plaintiff and Plaintiff's Counsel, Shelley L. Stangler P.C., for the benefit of Teresa Seidle, a minor, sufficiency of which is hereby acknowledged, and $266,756.80 (two hundred sixty six thousand seven hundred fifty six dollars and eighty cents) shall be made payable to New York Life Insurance Company to fund a structured settlement with New York Life Insurance Company licensed to do business in the State of New Jerey in accordance with the agreed-upon Qualified Assignment and

Settlement Agreement, Release and Waiver of Claims, which sets forth the costs and lump sum payments shown.

By way of this settlement, Defendant(s), Insured(s) and/or their Insurer(s) for Neptune Township has offered to pay the following future periodic payments on the dates and in the amounts indicated as follows:

Payable to Teresa Seidle ("Payee"):

- o $50,000.00 (fifty thousand dollars) guaranteed lump sum payable at age 20 on January 22, 2028.

- o $105,164.83 (one hundred five thousand one hundred sixty-four dollars and eighty-three cents) guaranteed lump sum payable at age 25 on January 22, 2033.

- o $250,000.00 (two hundred fifty thousand dollars) guaranteed lump sum payable at age 30 on January 22, 2038.

The future periodic payments shall be funded at a current cost of $266,756.80.

It is the understanding of the parties that all sums set forth in this Order constitute damages on account of personal physical injury or sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended.

The obligation to make periodic payments may be assigned to New York Life Insurance and Annuity Corporation and funded by an annuity contract issued by New York Life Insurance Company, rated A++XV by A.M. Best Company, and AA+ by Standard and Poor's.

Plaintiff acknowledges and agrees that the Insurer on behalf of the Defendant may make a "qualified assignment" within the meaning of Section

130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the Periodic Payments set forth in Section 3.B in the Settlement Agreement, Release and Waiver of Claims to New York Life Insurance and Annuity Corporation, Structured Settlement Company's Assignee.  The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

The Insurer on behalf of the Defendant, itself or through its Assignee, reserves the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from New York Life Insurance Company ("Annuity Issuer").  The Defendant, the Insurer, or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  The Defendant, the Insurer, or the Assignee may have New York Life Insurance Company (the "Annuity Issuer") mail payments directly to the Payee(s).  The Plaintiff shall be responsible for maintaining a current mailing address for Payee(s) with the Annuity Issuer.

**IT IS FURTHER ORDERED** that plaintiff/beneficiary Teresa Seidle, a minor by her custodian, Kirsten Seidle, shall sign the agreed-upon Release entitled "Settlement Agreement, Release and Waiver of Claims" and papers setting forth the terms of agreement; and it is further

**ORDERED** that Letters of Guardianship for Teresa Seidle, a minor, shall be dispensed with; and it is further

7

**ORDERED** that the structured settlement and annuity shall be purchased so that the funds are received prior to December 31, 2025; however Teresa Seidle shall not be required to sign the documents necessary to finalize and implement the structured settlement until she turns 18 years old on January 22, 2026, after which, upon execution the documents, she will receive $50,000 up front cash as part of the her settlement; and it is further

**ORDERED** that Teresa Seidle retains the right to amend the beneficiary designation, in accordance with the Settlement Agreement, Release and Waiver of Claims, upon reaching the age of majority, unless adjudicated as an incapacitated person by a Court of competent jurisdiction; and it is further

**ORDERED** that all documents necessary to release the Neptune Defendants and the Monmouth County Prosecutor's Office *only* from any and all claims shall be executed by plaintiffs Kirsten Seidle, on behalf of the Estate, and by Kirsten Seidle and her siblings in their individual capacities, and that the action against these defendants only shall be dismissed with prejudice and without costs and the action against non-settling defendant Asbury Park shall continue; and it is further

**ORDERED** that the attorney for plaintiffs deliver a copy of this Order

and judgment to all parties through the electronic filing system and email.


_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE
JUDGE