**SHELLEY L. STANGLER, ESQ.**
**THE MAGLIONE FIRM, PC.**
**369 WEST FARMS ROAD**
**FARMINGDALE, NJ 07727**
**TEL: (973) 645-0777**
**ATTORNEYS FOR PLAINTIFFS**
**ATTORNEY ID No.: 023191987**

| | |
|---|---|
| **KIRSTEN SEIDLE, as Administratrix of the Estate of TAMARA WILSON-SEIDLE, TERESA SEIDLE, minor by her guardian KIRSTEN SEIDLE, et al**<br><br>    **Plaintiffs,**<br>  **vs.**<br><br>**NEPTUNE TOWNSHIP,** *et al.*<br><br>    **Defendants.** | **CIVIL ACTION**<br><br>**Civ. No. 3:17-cv-04428-MAS-LHG**<br><br>**CERTIFICATION IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 5.3** |

   SHELLEY L. STANGLER, hereby certifies as follows:

   1.  I am an attorney at law of the State of New Jersey and represent plaintiffs herein. I am fully familiar with the facts and circumstances of this case. This Certification is submitted in support of plaintiff's motion to seal the Order of Judgment including Friendly Order and allocation of wrongful death proceeds between beneficiaries and limit public access to these settlement documents.

   2.  This Motion is timely filed pursuant to the Order of the Court [DE 165], pursuant to the requirements of Local Civil Rule 5.3, plaintiff avers:

   3.  The materials and proceedings that Plaintiffs request be sealed are the Order and Amended Order [DE365] filed in connection with a Friendly Hearing and hearing to allocate settlement proceeds entered into between plaintiff counsel and defendants previously identified in this matter as the "Neptune Defendants" and the "Monmouth County Prosecutor Defendants."

4.      These Orders have already been sealed with the Court awaiting the filing of this Motion to determine whether to maintain that designation [DE365].

5.      There is a legitimate private interest warranting this relief.  This matter was and remains a high profile case which attracted intensive public and media scrutiny.   There were continuing newspaper articles and stories about the matter, which involved the shooting death of a former Neptune Sergeant's ex-wife by the Sergeant in broad daylight in Asbury Park.   The Asbury Park Press ran multiple running stories about the matter and the persons/entities involved.

6.      In particular, the press was interested in the family after the incident and for years thereafter, asking for interviews with them on numerous occasions, which were denied.

7.      The settlement is significant.  Multiple persons/entities are interested in the result.

8.      The family is private and do not want the attention that disclosure of the settlement would engender. They do not want to be harassed.  They do not want media attention.  Among the beneficiaries is a minor about to turn 18 and several young adults in their 20s.

9.      Counsel acknowledges that settlements with public entities are not private and that any member of the public can make an OPRA request or obtain governing body documents/minutes that would disclose the settlement and that media attention may result.

10.      However, the sealing of this Order would give some limited protection to the exact terms, including a structured settlement and allocation. It would also require a member of the public to make the appropriate legal requests to obtain the information.

11.      The clearly defined and serious injury that would result if the relief sought is not granted is continued, unwelcome, overbearing public scrutiny, harassment, and attention on the family upon learning of the settlement.   Unscrupulous persons may seek to gain financial advantage over the children and seek relationships based on potential financial gain.   The family

has already suffered severe emotional distress from losing their mother, deceased at the hands of their father, and dealing with their incarcerated father and the attention upon them likely to occur from release of the settlement will result in further emotional trauma.

11.     There is no less restrictive alternative than sealing the Order.

12.     The Orders are already under seal at the discretion of the Court.

13.     There is no party known to counsel who would object to the sealing of this Order; although counsel presumes the media could possibly object;

14.     There is no just reason not to continue to keep this matter under seal.

15.     Accordingly it is respectfully requested that the Court grant the motion to seal the Order and Amended Order of Judgement, allocation and in connection with a Friendly Hearing under seal.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any are willfully false I am subject to punishment.

Dated:   January 15, 2026

By:_____
    SHELLEY L. STANGLER, ESQ.