UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KIRSTEN SEIDLE, *as Administratrix of the Estate of TAMARA WILSON-SEIDLE*, T.S., *minor by her guardian KIRSTEN SEIDLE*, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>NEPTUNE TOWNSHIP, NEPTUNE TOWNSHIP POLICE DEPARTMENT, POLICE CHIEF JAMES M. HUNT, JR., *in his official and individual capacities*, POLICE DIRECTOR MICHAEL BASCOM, *in his official and individual capacities*, former POLICE CHIEF ROBERT ADAMS, *in his official and individual capacities*, former POLICE CHIEF HOWARD O'NEIL, *in his official and individual capacities*, CITY OF ASBURY PARK, *et al.*,<br><br>          Defendants. | Civ. No. 17-4428 (RK)(JBD)<br><br>ORDER |

Before the Court is plaintiffs' unopposed motion to seal filed pursuant to Local Civil Rule 5.3(c).  [Dkt. 366.]  Plaintiffs seek to seal, in their entirety, the Court's Order and Amended Order [Dkts. 364, 365] (collectively, the "Orders") approving the settlement between plaintiffs, including T.S., who was a minor at the time of settlement, and defendants Neptune Township, Neptune Township Police Department, James M. Hunt, Jr., Michael Bascom, Robert Adams, Howard O'Neil, and Monmouth County Prosecutor's Office.  [Dkt. 366.]  In support of their motion,

plaintiffs submitted a declaration from their attorney, Shelley L. Stangler, Esq., attempting to justify why they believe the information contained in the Orders warrants sealing *in toto*. The Court has carefully considered plaintiffs' motion and supporting materials, and for the following reasons, denies it.

The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Accordingly, a litigant seeking to seal judicial records must demonstrate "good cause" to overcome the presumptive right of public access. *Securimetrics, Inc. v. Iridian Techs., Inc.*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause" requires a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). This standard for sealing has been incorporated into Local Civil Rule 5.3(c), which requires motions to seal to demonstrate (a) the nature of the materials at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative is not available; and (e) any prior order sealing the same materials in the pending action. L. Civ. R. 5.3(c)(3).

Balancing the factors under Local Civil Rule 5.3(c) and considering other applicable law, the Court concludes that plaintiffs have not met their burden of demonstrating that the Orders should remain sealed in their entirety. As an initial matter, the Court highlights the general presumption that "'the [C]ourt's approval

2

of a settlement or action on a motion are matters which the public has the right to know about and evaluate.'" *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also* L. Civ. R. 5.3(d)(2) (settlement agreement filed or incorporated into order "shall, absent an appropriate showing under federal law, be deemed a public record and available for public review"). While this presumption is "not absolute," *LEAP Sys.*, 638 F.3d at 221 (quotation omitted), there are several reasons why plaintiffs have not provided a sufficient justification to rebut the presumption here.

*First*, plaintiffs themselves concede that "settlements with public entities are not private and that any member of the public can make an OPRA request or obtain governing body documents/minutes that would disclose the settlement," [Dkt. 366-2] ¶ 9, so "the materials at issue do not reveal anything that is not already public" and thus "fail[] to meet the criteria set forth in Local Civil Rule 5.3." *C.G.B. v. Lucia*, Civ. No. 15-3401 (LDW), 2018 WL 6705684, at *2 (D.N.J. Dec. 19, 2018); *see also Janssen Products, L.P. v. Lupin Ltd.*, Civ. No. 10-5954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) ("It is well established that once confidential information has been published, it is no longer confidential.").

*Second*, plaintiffs contend that the Orders should be sealed because "[t]his matter was and remains a high[-]profile case," and "[t]he family is private and do not want the attention that disclosure of the settlement would engender." [Dkt. 366-2] ¶¶ 5-8. But the fact that certain materials may garner media attention

3

or public curiosity is not a sufficient justification for sealing. *In re Caterpillar Inc., C13 & C15 Engine Prods. Liab. Litig.*, Civ. No. 14-3722 (JS), 2015 WL 12830520, at *2 (D.N.J. Jan. 29, 2015) (a party's "preference that its documents not be disclosed on the docket is not in and of itself sufficient to warrant sealing the documents."). If anything, any publicity that this case garners provides less, not more, reason to seal the settlement materials in their entirety. *Centennial Mill by Del Webb Community Association, Inc. v. Ply Gem Holdings, Inc.*, Civ. No. 17-7675 (NLH), 2018 WL 3085210, at *6 (D.N.J. June 22, 2018) ("This Court has repeatedly emphasized the public interest in the disclosure of materials filed on this Court's docket, which often outweighs private interests in confidentiality. This Court is funded by the public and does not sit, in general, to resolve private disputes in secret.").

*Finally*, while plaintiffs assert that injury could result in the form of "continued, unwelcome, overbearing public scrutiny, harassment, and attention on the family" and the potential for "[u]nscrupulous persons . . . seek[ing] to gain financial advantage over the children" if the settlement is made public in any way, these general allegations of potential harm are insufficient to justify sealing the Orders altogether. *Bornstein v. Cnty. of Monmouth*, Civ. No. 11-05336 (DEA), 2014 WL 4273301, at *3 (D.N.J. Aug. 29, 2014), *aff'd,* 2014 WL 6386804 (D.N.J. Nov. 14, 2014) ("the moving party must 'make a particularized showing of harm that *would* result' if the documents in question are public[ly] accessible, rather than merely making 'generalized allegations of harm that *might* occur if all the exhibits at issue

4

were revealed.'" (emphasis in original) (quoting *Securimetrics,* 2006 WL 827889, at *7).[1]

The Court concludes that plaintiffs' request to seal the Orders in their entirety is overbroad and, therefore, not the least restrictive means to protect confidential information that truly warrants sealing.  The Court accordingly concludes that plaintiffs have not met their burden of demonstrating that the Orders warrant sealing in their entirety.  On the Court's review, the only information contained in the Orders that warrants sealing is (1) information pertaining to T.S.'s identity, and/or (2) regarding the financial terms of settlement specific to T.S.  *See, e.g., Est. of Patrick Hall, Sr. v. Bracknell,* Civ. No. 15-1631 (AMD), 2017 WL 11814704, at *1 (D.N.J. June 15, 2017) (approving plaintiffs' proposed redactions to the Court's Order approving settlement to the extent the information contained in the Order "relate[d] to the [minor claimants].").  Plaintiffs' motion is therefore denied without prejudice.  Plaintiffs may submit via email to chambers (jbd_orders@njd.uscourts.gov) proposed redactions to the Orders consistent with the foregoing no later than **March 23, 2026**.

For these reasons and good cause appearing,

IT IS on this 9th day of March, 2026,

**ORDERED** that plaintiffs' motion to seal [Dkt. 366] is DENIED without prejudice; and it is further

---

[1]    The Court, of course, sympathizes with plaintiffs, who have suffered unthinkable tragedy.  Sympathy, however, also is not a sufficient basis to seal the Orders in their entirety.

5

**ORDERED** that, on or before **March 23, 2026**, plaintiffs may submit via email to chambers (jbd_orders@njd.uscourts.gov) proposed redactions to the Orders pertaining only to T.S.'s personal identifying information and/or relating to the financial terms of settlement specific to T.S.  The Court will take appropriate action upon receipt of the proposed redactions.  If the Court does not receive any proposed redactions from plaintiffs by that date, the Court will unseal the Orders in their entirety.

**IT IS FURTHER ORDERED** that nothing herein shall constitute a ruling concerning future requests to seal.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE